Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
APOLLO ESPEJO MORGIA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| APOLLO ESPEJO MORGIA,<br><br>                              Plaintiff,<br><br>        v.<br><br>NATIONWIDE LEGAL FILE & SERVE, INC.,<br>a California corporation; MARCOS ANTONIO<br>TEJADA, individually and in his official<br>capacity; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, APOLLO ESPEJO MORGIA, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### INTRODUCTION

1.     The Defendants in this case are process servers who have engaged in the ignominious[1] and shoddy[2] practice of "sewer service" – i.e., failing to serve a debtor and filing a

---

[1]  *Velazquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971) ("'Sewer service' is an ignominious practice which is not limited to summary proceedings for the eviction of tenants but is also employed in suits on installment payment contracts for personal property permitting repossession and garnishment, providing a fertile field for the fleecing of the poor and the disadvantaged.").

[2]    *Kovalesky v. A.M.C. Associated Merchandising Corp.*, 551 F. Supp. 544, 546 (S.D.N.Y. 1982) ("'[S]ewer service' constitutes shoddy practice.  It delays the process of justice and must be discouraged.  This court has discretion to do just that.").

fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default judgment can be entered against him.[3]

> In jurisdictions where process need not be served by a public official, the bulk of the business of serving process gravitates into the hands of professional process servers. Some of these process servers once followed a practice of disposing of process given them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had duly served it.[4]

2.    This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA")  for actual damages, statutory damages, attorney fees and costs brought by individual consumers against process servers who engage in "sewer service."

3.    While faithful process servers are exempted from the definition of "debt collector" under the FDCPA when they are in fact "serving or attempting to serve legal process,"[5] "a process server who goes 'beyond being merely being a messenger . . . and engages in prohibited abusive or harassing activities to force an individual to repay a debt' cannot claim the exemption's protections."[6]

4.    Therefore, the Defendants in this case – process servers that failed to serve court process entrusted to them and instead provide a perjured Proof of Service of Summons – are removed from the FDCPA's process server exemption.[7]

---

[3]  *Spiegel v. Judicial Atty. Servs.*, 2011 U.S. Dist. LEXIS 9350 at *2 (N.D. Ill. Feb. 1, 2011).

[4]  *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 480, fn. 5 (D. Kan. 1994), *quoting*, 1 Robert C. Casad, Jurisdiction in Civil Actions § 3.017d (2nd ed. 1991).

[5]  15 U.S.C. § 1692a(6)(d); *See generally*, *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), *citing Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998) ("Thus, process servers whose involvement is merely 'limited to serving the [debt collection] communication on the consumer – in effect, to being messengers' – are exempt.").

[6]  *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), *citing Flamm v. Sarner & Assoc., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443 at *5 (E.D. Pa. Nov. 6, 2002).

[7]  *Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1074 (N.D. Cal. 2011) ("if process servers falsely claimed they had effected personal service and executed a false proof of service document, then their actions would take them beyond their role as process servers and render them ineligible for the [FDCPA] exception."); *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413 (S.D.N.Y. 2010); *McNall v. Credit Bureau*, 689 F. Supp. 2d 1265, 1278 (D. Or. 2010).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURISDICTION**

5.     Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal claims and arise out of a common nucleus of related facts and form part of the same case or controversy under Article III of the United States Constitution.

6.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**VENUE**

7.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT**

8.     This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

**PARTIES**

9.     Plaintiff, APOLLO ESPEJO MORGIA (hereinafter "MORGIA"), is a natural person residing in Santa Clara County, California.  MORGIA is a  "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

10.     Defendant, NATIONWIDE LEGAL FILE & SERVE, INC. (hereinafter "NATIONWIDE"), is a California corporation engaged in the business of composing and selling forms, documents and other collection media used or intended to be used for debt collection. NATIONWIDE's principal place of business is located at: 1609 James M. Wood Boulevard, Los Angeles, California 90015.  NATIONWIDE may be served at the address of its Agent for Service of Process at: Nationwide Legal File & Serve, Inc., c/o Hooman Davoodi, Agent for Service of Process, 1609 James M. Wood Boulevard, Los Angeles, California  90015.  Plaintiff is informed, believes and thereon alleges, that NATIONWIDE FILE & SERVE is a corporation subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360.   NATIONWIDE is regularly engaged in the business of indirectly collecting consumer debts and assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet.  NATIONWIDE regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits.  NATIONWIDE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  NATIONWIDE is not subject to the exception of 15 U.S.C. § 1692a(6)(D). NATIONWIDE is vicariously liable to Plaintiff for the acts of Defendant, MARCOS ANTONIO TEJADA.[8]

11.     Defendant, MARCOS ANTONIO TEJADA (hereinafter "TEJADA"), is a natural person and is or was an employee and/or authorized agent of NATIONWIDE at all relevant times.

---

[8]  Cal. Bus. & Prof. Code § 22356. ("A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant."), *See also*, *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000) ("an entity which itself meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities carried out by another on its behalf."); *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994); *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

TEJADA is in the business of composing and selling of forms, documents and other collection media used or intended to be used for debt collection.  Plaintiff is informed, believes and thereon alleges, that TEJADA is an individual subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360.  TEJADA may be served at his current residence address: Marcos Antonio Tejada, 96 Rancho Drive, Unit C, San Jose, California 95111-4448.  TEJADA is regularly engaged in the business of indirectly collecting consumer debts by assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet.  TEJADA regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. TEJADA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  TEJADA is not subject to the exemption provided by 15 U.S.C. § 1692a(6)(D).

12.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names.  Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California.  Plaintiff will seek leave of the Court to replace the fictitious names of these Doe Defendants with their true names when they are discovered by Plaintiff.

13.    At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including Santa Clara County, by assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and

internet.

14.     Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

15.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein were the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

16.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

17.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

18.     Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while they

were acting within the actual or ostensible scope of their authority.

19.   At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint.  Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.  The term "Defendants" wherever used in this Complaint shall mean all named defendants.

## JOINT VENTURE

20.   Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

21.   Specifically, Plaintiff is informed, believes and thereon alleges, that:

a.   NATIONWIDE is engaged in the business of manufacturing and selling process server returns and other debt collection related activities in the State of California. Through the use of the U.S. Mail, telephone and the internet, NATIONWIDE advertises and markets process service and other legal support services to attorneys, law firms, debt collectors, government agencies and the general public.  NATIONWIDE provides the telephones, facsimile machines, computers, software and other equipment, support staff and facilities used by TEJADA and the enterprise for their process server return manufacturing activities. NATIONWIDE composes the process server returns sold by the enterprise using their computer systems and the data which is input into the computer systems via a website (www.nationwideasap.com) by their customers, like Neuheisel Law Firm, P.C., and its process

server agents, like TEJADA.  NATIONWIDE also acts as the public face for the enterprise through its advertising, marketing, customer support and customer billing for the enterprise's services.  NATIONWIDE provides TEJADA and the enterprise with a physical address and the marketing, customer billing, computers and other support infrastructure that was needed to manufacture and sell Proof of Service Summons documents to Neuheisel Law Firm, P.C., for use in the state court the lawsuit against Plaintiff.  NATIONWIDE provides advertising, marketing, a physical address and their support staff, equipment and facilities to the enterprise and in return receives a share of the profits realized by the enterprise from their process server return manufacturing activities.  Notwithstanding their use of NATIONWIDE's physical address and telephone number on the process server returns manufactured and sold by the enterprise, NATIONWIDE will not accept service of process for TEJADA or any of its other process server agents, thereby acting as a litigation shield should one of their process server agents be sued for their unlawful activities.

       b.    TEJADA is an individual and a registered process server in Alameda County.  TEJADA lent his name, signature and the legitimacy of his process server registration number to the enterprise for use on the Proof of Service Summons that was manufactured and sold to Neuheisel Law Firm, P.C., and used in the state court lawsuit against Plaintiff.  TEJADA and other registered process servers provide the facial legitimacy of their process server registrations to the enterprise and in return receive a share of the profits realized by the enterprise from their process server return manufacturing activities.  Without TEJADA and other registered process servers and the facial legitimacy of their registration numbers, NATIONWIDE could not market and sell process server returns like the Proof of Service Summons document that was manufactured and sold to Neuheisel Law Firm, P.C., for use in the

state court lawsuit against Plaintiff.

22.     Plaintiff is informed, believes and thereon alleges, that process server services are an integral part of NATIONWIDE's business and that NATIONWIDE could not offer such services without its process server agents, like TEJADA.

**AIDING AND ABETTING**

23.     Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, NATIONWIDE aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by TEJADA.

24.     Plaintiff is informed, believes and thereon alleges, that NATIONWIDE marketed its Proof of Service Summons product to law firms, debt collectors, government agencies and the general public, including Neuheisel Law Firm, P.C., as a legitimate and lawful service.  Plaintiff is informed, believes and thereon alleges, that NATIONWIDE represented or implied in their advertising, marketing and other materials that NATIONWIDE would ensure that the official court process entrusted to them would be duly, faithfully and lawfully served and delivered to lawsuit defendants, including the Plaintiff.

25.     Plaintiff is informed, believes and thereon alleges, that instead of duly, faithfully and lawfully delivering and serving the official court process entrusted to it, NATIONWIDE enlisted TEJADA and other registered process servers to manufacture process server returns – like the Proof of Service Summons document that was sold to Neuheisel Law Firm, P.C., and used in the state court lawsuit against the Plaintiff in this case.

26.     Plaintiff is informed, believes and thereon alleges, that NATIONWIDE willingly, knowingly and intentionally provides its registered agent process servers, like TEJADA, with a business address and telephone number for use on the process server returns that the enterprise

manufactures and sells, like the <u>Proof of Service Summons</u> document that was sold to Neuheisel Law Firm, P.C., and used in the state court lawsuit against the Plaintiff in this case, and by intentionally withholding TEJADA's true address and telephone number, NATIONWIDE aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by TEJADA against Plaintiff.

27.    Plaintiff is informed, believes and thereon alleges, that NATIONWIDE authorized, used, and ratified the use of its address and telephone number on process server returns manufactured and sold by the enterprise with the intent to shield its process server agents, like TEJADA, from service of process should they be sued for their unlawful activities.    Notwithstanding their use of NATIONWIDE's address and telephone number on the process server returns manufactured and sold by the enterprise, NATIONWIDE will not accept service of process for TEJADA or any of its other process server agents when service of process is attempted at the address provided on its <u>Proof of Service Summons</u> documents.

28.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, NATIONWIDE knew that fraud, perjury, breach of official duty and other wrongful acts were being committed by TEJADA against the Plaintiff and others.  In fact, NATIONWIDE gave substantial assistance and encouragement to TEJADA by producing fully completed <u>Proof of Service Summons</u> documents which contain TEJADA's name and process server registration number and NATIONWIDE's address and telephone number instead of TEJADA's address and telephone number.

29.    Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, NATIONWIDE effectively controlled its process server agents, including TEJADA, by *inter alia*:

a.    choosing which assignments each process server agent will receive (i.e., controlling what work must be performed by a specific individual);

b.   requiring personal performance of the tasks assigned to its process server agents (i.e., controlling what work must be performed by a specific individual);

c.   forbidding or severely restricting its process server agents' ability to substitute or assign their performance of the assigned tasks (i.e., controlling what work must be prrformed by a specific individual);

d.   requiring detailed reporting to NATIONWIDE of all service attempts made by their process server agents (i.e., controlling the manner in which the assigned tasks are performed and requiring regular written reports); and

e.   requiring the use of NATIONWIDE's computer systems and software for the performance of their process server agents' assigned duties (i.e., controlling what tools and equipment must be used to perform the assigned tasks and the manner in which the assigned tasks are performed).

30.   Plaintiff is informed, believes and thereon alleges, that NATIONWIDE's conduct was a substantial factor in causing the harm to Plaintiff.  NATIONWIDE should be held responsible as an aider and abettor for the fraud, breach of official duty and other wrongful acts committed by TEJADA against the Plaintiff.

## RATIFICATION

31.   Plaintiff is informed, believes and thereon alleges, that NATIONWIDE is responsible for the harm caused by TEJADA's unlawful conduct because NATIONWIDE approved TEJADA's unlawful conduct after it occurred.

32.   Plaintiff is informed, believes and thereon alleges, that TEJADA intended to act on behalf of NATIONWIDE when he accepted the assignments from NATIONWIDE to serve state court process on Plaintiff.

33.    Plaintiff is informed, believes and thereon alleges, that TEJADA intended to act on behalf of NATIONWIDE when he subsequently failed to serve the state court process on Plaintiff that had been entrusted to him and instead provided false and fraudulent information to NATIONWIDE regarding the completion of his assignment.

34.    Plaintiff is informed, believes and thereon alleges, that NATIONWIDE learned of TEJADA's failure to faithfully serve the state court process that NATIONWIDE had entrusted to him after it occurred.

35.    Plaintiff is informed, believes and thereon alleges, that NATIONWIDE approved TEJADA's unlawful conduct by voluntarily keeping the benefits of TEJADA's unlawful conduct after learning of the conduct.

36.    Plaintiff is informed, believes and thereon alleges, that NATIONWIDE approved TEJADA's unlawful conduct as alleged in this case by continuing to employ TEJADA and continuing to assign process server assignments to TEJADA after learning that TEJADA had engaged in sewer service.

37.    As a result of NATIONWIDE's ratification of TEJADA's unlawful conduct, NATIONWIDE is liable to Plaintiff for all damages alleged in this case.

### NONDELEGABLE DUTY

38.    California Business and Professions Code § 22356 provides as follows:

A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant.

39.    By enacting this statute, the California legislature sought to implement specific safeguards for the general public to insure that process server agencies like NATIONWIDE faithfully and honestly carry out their responsibilities to the courts of California and to the general public.

40.     Plaintiff is informed, believes and thereon alleges, that TEJADA was acting within the course and scope of his agency relationship with NATIONWIDE at all times alleged in this Complaint.

41.     NATIONWIDE had a nondelegable duty to Plaintiff to ensure that the state court process entrusted to it was faithfully served on Plaintiff and that its agents did not engage in sewer service.

42.     Because NATIONWIDE could not delegate to TEJADA its duty to faithfully and honestly serve Plaintiff with the state court process entrusted to it, NATIONWIDE is liable to Plaintiff for all damages alleged in this case.

## FACTUAL ALLEGATIONS

43.     On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by HSBC Consumer Lending (USA), Inc. (hereinafter the "debt").  The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

44.     Sometime thereafter, on a date unknown to Plaintiff, Plaintiff was no longer able to make the payments on the debt and defaulted.

45.     Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the defaulted consumer debt was sold, assigned or otherwise transferred to CACH, LLC, for collection from Plaintiff.

46.     Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the defaulted consumer debt was consigned, placed or otherwise assigned to the law firm Neuheisel Law Firm, P.C., for collection from Plaintiff.

47.     On or about October 5, 2012, the law firm Neuheisel Law Firm, P.C., filed a lawsuit against Plaintiff in the Superior Court of Santa Clara County, captioned *CACH, LLC v. Apollo Morgia, et al.*, and assigned Case No. 1-12-CV-233657 (hereinafter "the state court action"), in an attempt to collect the defaulted consumer debt.

48.     Plaintiff is informed and believes, and thereon alleges, that the Neuheisel Law Firm, P.C., thereafter engaged Defendants to duly and faithfully serve legal process in the state court action upon Plaintiff by delivering a copy of the state court Summons and Complaint.

49.     Plaintiff is informed and believes, and thereon alleges that on or about October 31, 2012, Defendants composed a document titled <u>Proof of Service Summons</u> in which Defendants represented, under penalty of perjury, that TEJADA had served Plaintiff with a copy of the Summons, Complaint, and related documents in the state court action by leaving a copy of the documents with "MARYBETH DOE – CO-OCCUPANT" on October 30, 2012, at 8:04 a.m.  Thereafter, Defendants caused the <u>Proof of Service Summons</u> to be filed with the Clerk of the Superior Court in the state court action on November 9, 2012.  A true and correct copy of the <u>Proof of Service Summons</u> filed in the state court action is attached hereto, marked as Exhibit "1," and by this reference is incorporated herein.

50.     Despite the representations made by Defendants in their <u>Proof of Service Summons</u> (Exhibit "1"), Plaintiff was not served with a copy of the Summons and Complaint in the state court action.  The <u>Proof of Service Summons</u> document composed by Defendants appears facially valid – indeed, Defendants' very purpose is to pass facial review – hoping the fraud goes undetected until the debtor discovers the fraudulent proof of service after a default judgment has been entered.

51.     Plaintiff is informed and believes, and thereon alleges that the address used on the <u>Proof of Service Summons</u> (Exhibit "1"), (i.e., 1609 James M. Wood Blvd., Los Angeles, CA  90015) is the business address of NATIONWIDE and not the address of TEJADA as represented in the

- 14 -
COMPLAINT

document.

52.    Plaintiff is informed and believes, and thereon alleges that the telephone number used on the Proof of Service Summons (Exhibit "1"), (i.e., 213-249-9988) is the business telephone number of NATIONWIDE and not the telephone number of TEJADA as represented in the document.

53.    Plaintiff is informed and believes, and thereon alleges that the Proof of Service Summons (Exhibit "1") bears an order number (i.e., 221173) that was issued by NATIONWIDE for use in tracking the service of process order requested by the Neuheisel Law Firm, P.C.  Plaintiff is informed and believes, and thereon alleges that NATIONWIDE also uses the order number for accounting and billing purposes.

54.    Plaintiff is informed and believes, and thereon alleges that Defendants knowingly and willfully composed and sold to the Neuheisel Law Firm, P.C., the Proof of Service Summons (Exhibit "1") containing false statements regarding their service of court process in the state court action.

55.    Thereafter, Plaintiff discovered that a lawsuit had been filed against him.  Upon learning of the state court action, Plaintiff retained legal counsel and obtained a copy of the state court's file at his own expense.  In his review of the state court file, MORGIA first learned that Defendants had composed and filed their false Proof of Service Summons (Exhibit "1").  MORGIA discovered that Defendants' Proof of Service Summons (Exhibit "1") represented that he had been served with a copy of the state court Summons, Complaint, and Civil Case Cover Sheet by leaving a copy of the documents with "MARYBETH DOE – CO-OCCUPANT" at: 718 Santa Susana Street, Sunnyvale, CA  94085 on October 30, 2012, at 8:04 a.m.  In fact, MORGIA does not reside at 718 Santa Susana Street, Sunnyvale, CA  94085, and Defendants had actual knowledge of this fact on October 23, 2012, when the true occupant, Alicia "Doe" informed Defendants that MORGIA did not reside there.

**Nationwide's Business Practices**

56.    Plaintiff is informed and believes, and thereon alleges that NATIONWIDE composes and sells process server returns, like the <u>Proof of Service Summons</u> (Exhibit "1") in this case, on a flat rate or fixed fee basis.    Plaintiff is informed and believes, and thereon alleges that NATIONWIDE pays its process servers using a similar flat rate or fixed fee compensation system. Plaintiff is informed and believes, and thereon alleges that NATIONWIDE will pay TEJADA and other process servers only for successful service attempts (i.e. service attempts which result in a completed serve being reported) and will pay substantially less or nothing at all for failed service attempts (i.e. service attempts that do not result in a successful completed serve being reported).    Because NATIONWIDE's process servers are not paid for unsuccessful service attempts, process servers like TEJADA have a strong financial incentive to falsify process server returns.    Plaintiff is informed and believes, and thereon alleges that NATIONWIDE knowingly promotes the false reporting of actual service by its process server agents through its flat rate or fixed fee compensation system.

57.    Plaintiff is informed and believes, and thereon alleges that NATIONWIDE charges a flat fee that is substantially less than the true costs of proper service in many cases.    Plaintiff is informed and believes, and thereon alleges that NATIONWIDE's lower rates can only be achieved by use of a flat rate or fixed fee compensation system for its process servers.    Such business practices create a rush to the bottom by forcing competitors to lower the fees paid to their more scrupulous process servers or go out of business.    More false process server returns from all process server agencies is the inevitable result of such anti-competitive business practices.    Plaintiff is informed and believes, and thereon alleges that NATIONWIDE effectively sells sewer service, by underbidding the true costs of proper service.

58.    Debt collection law firms and debt-buyers plainly benefit from the sewer service

provided by unscrupulous process servers like Defendants in this case.  By not serving consumer debt defendants, debt collection firms like Neuheisel Law Firm, P.C., debt buyers like CACH, LLC, are able to generate thousands of judgments by default. Once default judgments are fraudulently obtained, they are used to levy consumers' bank accounts, garnish their wages, seize their property, damage their credit reports, and/or pressure them into unaffordable payment plans.

59.    Plaintiff is informed and believes, and thereon alleges that Defendants' composition and sale of perjured <u>Proof of Service Summons</u> (Exhibit "1") document violates California Code of Civil Procedure § 417.10.

60.    Under California law the return of a registered process server "establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return."[9]  "The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence. . ."[10]  Defendants' composition and sale of perjured process server returns, like the <u>Proof of Service Summons</u> (Exhibit "1") document in this case, is facilitated and aided by the evidentiary presumption California law provides to faithful process servers.  In fact, Defendants in this case are perversely protected by and rely on the extreme procedural and evidentiary burdens that are imposed on litigants who are the victims of sewer service.  Such litigants are faced with the nearly impossible "burden of providing strong and convincing evidence of non-service."[11]  Because "a mere allegation that process was not served, without some additional showing of evidence is insufficient to refute the validity of an affidavit of service,"[12] victims of sewer service, like Plaintiff in this case, are

---

[9]  Cal. Evidence Code § 647.
[10]  Cal. Evid. Code § 604.
[11]  *Collagen Nutraceuticaks, Inc. v. Neocell Corp.*, 2010 U.S. Dist. LEXIS 98229 at *3-4.
[12]  *Id.*

ultimately required to prove a negative;[13] they must prove that an event never occurred and their own sworn testimony of non-service is not enough to meet their evidentiary burden under California law. Because of this procedural and evidentiary imbalance, the unlawful conduct alleged in this Complaint is particularly reprehensible.

61.     Plaintiff is informed and believes, and thereon alleges, that Defendants have composed and sold false and misleading <u>Proof of Service Summons</u> documents in the form of Exhibit "1" more than 40 times in California in the one year preceding the filing of this Complaint.  Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

<u>CLAIMS</u>

**FAIR DEBT COLLECTION PRACTICES ACT**

62.     Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

63.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

64.     Plaintiff, APOLLO ESPEJO MORGIA, is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

65.     Defendant, NATIONWIDE LEGAL FILE & SERVE, INC., is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

66.     Defendant, NATIONWIDE LEGAL FILE & SERVE, INC., is not subject to and cannot claim the exemption provided by 15 U.S.C. § 1692a(6)(D).

67.     Defendant, MARCOS ANTONIO TEJADA, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

---

[13]  *Elkins v. United States*, 364 U.S. 206, 218 (1960) ("as a practical matter it is never easy to prove a negative").

68.   Defendant, MARCOS ANTONIO TEJADA, is not subject to and cannot claim the exemption provided by 15 U.S.C. § 1692a(6)(D).

69.   The financial obligation sought to be collected from MORGIA in the state court action is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

70.   Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices.  Defendants' violations include, but are not limited to:

a.   Manufacturing and selling a fraudulent Proof of Service Summons that falsely stated that Plaintiff was served with a Summons and Complaint when in fact he was not;

b.   Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts; and

c.   Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

71.   Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the defaulted consumer debt.

72.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

73.   Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

74.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

75.   Plaintiff, APOLLO ESPEJO MORGIA, is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

76.   Defendant, NATIONWIDE LEGAL FILE & SERVE, INC., is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

77.   Defendant, MARCOS ANTONIO TEJADA, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

78.   The financial obligation sought to be collected from MORGIA in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

79.   Defendants violated the RFDCPA, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices.  Defendants' violations include, but are not limited to:

 a.   Manufacturing and selling a fraudulent Proof of Service Summons that falsely stated that Plaintiff was served with a Summons and Complaint when in fact he was not;

 b.   Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts; and

 c.   Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

80.   Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the defaulted consumer debts, within the meaning of Cal. Civil Code § 1788.30(b).

81.   As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

82.     As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

83.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[14]

84.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[15]

85.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

### REQUEST FOR RELIEF

Plaintiff request that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c)  Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17;

d)  Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15

---

[14]  15 U.S.C.§ 1692k(a)(2)(A).
[15]  15 U.S.C.§ 1692k(a)(3).

U.S.C. § 1692k(a)(2)(A);

f)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g)  Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[16]

h)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17[17] and 1788.30(c); and

i)  Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston  (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
APOLLO ESPEJO MORGIA

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, APOLLO ESPEJO MORGIA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.


/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

---

[16]  15 U.S.C. § 1692k(a)(2)(A).
[17]  15 U.S.C. § 1692k(a)(3).